United States District Court
Southern District of Texas
**ENTERED**
February 01, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE MACDONALD, § § Plaintiff, § § VS. § § THE BANK OF NEW YORK MELLON § TRUST COMPANY, N.A. FKA The Bank § of New York Trust Company, N.A., as § successor to JP Morgan Chase Bank, as § Trustee for Residential Asset Security § Corporation, Equity Home Equity Mortgage § Asset-Backed through Certificate Series § 2004-KS7, § § Defendants. § | CIVIL ACTION NO. 7:21-cv-00494 |

## OPINION AND ORDER

The Court now considers "Defendant's Motion to Appear at Initial Pretrial and Scheduling Conference via Zoom,"[1] "Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Brief in Support,"[2] "Defendant's Amended Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Brief in Support,"[3] and Plaintiff's "Affidavit" which appears to be a motion for a temporary restraining order.[4] After considering the motion, record, and relevant authorities, for the reasons elaborated below, the Court must decide and **GRANTS** Defendant's amended motion to dismiss the case before all other pending motions, which renders all other pending matters moot.

---

[1] Dkt. No. 5.
[2] Dkt. No. 6.
[3] Dkt. No. 7.
[4] Dkt. No. 8.

### I. BACKGROUND AND PROCEDURAL STANCE

This is a foreclosure case. Plaintiff Christopher Lee MacDonald commenced this case pro se in state court on December 1, 2021.[5] Nine days later, Attorney Juan Angel Guerra appeared on Plaintiff's behalf.[6] In his petition, Plaintiff seeks "a ninety (90) day reprieve to allow sufficient time to seek another residence and be able to pack and move . . . things to the new place," but does not appear to challenge the legitimacy of Defendant's foreclosure and forcible detainer.[7] The Court briefly notes that Plaintiff's petition appears substantively identical to a January 11, 2022 petition concerning the same property.[8]

Defendant removed the case to this Court on December 22, 2021.[9] Judge Hinojosa presided over this case until January 26, 2022, when he recused and the case was reassigned to Judge Alvarez.[10] However, before Judge Hinojosa's recusal, the parties filed the instant motions which place this case in an unusual procedural posture. In the original petition and again on January 25th, Plaintiff—now acting pro se because his attorney Juan Angel Guerra is not presently permitted to practice in this Court[11]—filed the instant request for a temporary restraining order.[12] Because a motion for a temporary restraining order is an emergency matter that the Court considers as promptly as possible,[13] Defendant's challenges to this Court's jurisdiction over this case in its

---

[5] Dkt. No. 1-1 at 5.
[6] *Id.* at 22.
[7] *Id.* at 7.
[8] *Compare* Dkt. No. 1-1 at 5 ("Comes now Christopher Lee MacDonald . . . ."), *with Mejia v. Bank of N.Y. Mellon Tr. Co., N.A.*, No. 7:22-cv-00029 (S.D. Tex. Jan. 20, 2022) (Alvarez, J.), Dkt. No. 1-1 at 5 ("Comes now Christopher MAGDALAINE LIZETTE MEJIA . . . .").
[9] Dkt. No. 1.
[10] Dkt. No. 9.
[11] *Garcia v. Am. Sav. Life Ins. Co.*, No. 7:21-cv-00389 (S.D. Tex. Oct. 21, 2021) (Alvarez, J.), Dkt. No. 5.
[12] Dkt. No. 8.
[13] *See* FED. R. CIV. P. 65(b)(3).

January motion[14] and amended motion[15] are brought to the fore even before their ordinary submission date under Local Rule 7.3. In spite of Plaintiff's failure to file any response brief to either motion, the Court must now consider its jurisdiction to adjudicate Plaintiff's motion for a temporary restraining order by adjudicating Defendant's motion to dismiss. The Court notes that Defendant's January 7th motion to dismiss and January 20th motion to dismiss are substantively identical but for the latter's exhibit. The latter motion supersedes the earlier and the Court will consider only Defendant's amended motion to dismiss. The Court now turns to the analysis.

## II. JURISDICTION

### a. Legal Standard

Motions under Federal Rule of Civil Procedure 12(b)(1) are to be considered first, before addressing any attack on the merits,[16] because the Court cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[17] It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[18] Federal Rule of Civil Procedure 12(b)(1) permits motions to dismiss for "lack of subject-matter jurisdiction." "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim,"[19] because federal courts only have jurisdiction to decide controversies as conferred by the United States Constitution or by statute,[20] but do have jurisdiction

---

[14] Dkt. No. 6.
[15] Dkt. No. 7.
[16] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).
[17] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").
[18] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).
[19] *In re FEMA Trailer*, 668 F.3d at 286 (quoting *Home Builders Ass'n v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998)).
[20] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

to determine their own jurisdiction.[21] Once the Court's jurisdiction is attacked, "the party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss."[22] In assessing the Court's jurisdiction, "the district court is to accept as true the allegations and facts set forth in the complaint,"[23] and may "dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[24] Generally, the Court will look only to the allegations in the complaint when only the complaint is challenged,[25] and will evaluate the evidence when the defendant submits it,[26] but the Court may consider a "broader range of materials" when resolving a Rule 12(b)(1) motion.[27] "Each factual issue necessary to support subject matter jurisdiction 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'"[28] Ultimately, "[a] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[29]

---

[21] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").
[22] *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).
[23] *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).
[24] *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).
[25] *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).
[26] *See Williamson*, 645 F.2d at 413 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977)).
[27] *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[28] *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)), *quoted in MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.* (5th Cir. 2019).
[29] *Choice Inc. of Tex.*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

### b. Analysis

As Defendant points out, one Fifth Circuit precedent squarely governs the issues in this case.[30] In *Knoles v. Wells Fargo Bank, N.A.*, individual Texas homeowner Patrick Knoles lost his residence in a foreclosure sale to the defendant bank, refused to vacate the residence, received a judgment granting the bank possession, lost his appeal of the state court judgment granting the bank possession and forcible detainer over the residence, then filed suit in state court challenging the foreclosure, which suit was removed to federal court.[31] After removal, Patrick Knoles sought a temporary restraining order from the federal district court to prevent his eviction.[32] The facts of *Knoles* are therefore substantively identical to the facts here.

In March 2018, Texas Plaintiff MacDonald lost his home, the subject property of this dispute, at a foreclosure sale.[33] The state court granted Defendant bank possession over the subject property in October 2019 after Plaintiff failed to appear for a hearing.[34] After an appeal, another state court granted Defendant possession over the subject property in October 2020.[35] The Thirteenth Court of Appeals dismissed Plaintiff's subsequent appeal in February 2021.[36] Plaintiff nevertheless refuses to vacate,[37] and instead commenced this action in December 2021.[38] After removal to federal court,[39] Plaintiff homeowner sought a temporary restraining order against eviction.[40] The holding of *Knoles* therefore controls the outcome here:

---

[30] Dkt. No. 7 at 5, § III.A.
[31] 513 F. App'x 414, 414 (5th Cir. 2013) (per curiam).
[32] *Id.*
[33] Dkt. No. 7-1 at 3.
[34] *Id.* at 12.
[35] *Id.* at 15.
[36] *Id.* at 17.
[37] *See* Dkt. No. 8-1.
[38] Dkt. No. 1-1 at 5.
[39] Dkt. No. 1.
[40] Dkt. No. 8.

> In this case, a state court rendered a final judgment that awarded [the bank] the possessory right over the land in dispute. The initial decision was appealed and affirmed. No further appeal was taken. Instead, Knoles brought a separate lawsuit challenging the foreclosure and making other claims. . . . The relief sought, in practical effect, would enjoin [the bank] from enforcing a valid extant judgment of a Texas court. The district court is denied jurisdiction to grant that relief by the Anti–Injunction Act, 28 U.S.C. § 2283.[41]

The Court accordingly agrees with Defendant that it lacks jurisdiction over this suit and cannot grant Plaintiff's requested relief or his motion for a temporary restraining order.[42]

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant bank's amended motion to dismiss.[43] In light of this holding, the Court **DENIES AS MOOT** all other pending matters including Plaintiff's motion for a temporary restraining order. This case will terminate upon entry of the Court's final judgment.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of February 2022.

_____
Micaela Alvarez
United States District Judge

---

[41] *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415–16 (5th Cir. 2013) (per curiam) (citing *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 522–25 (1986)).
[42] *See* Dkt. No. 7 at 5–6.
[43] Dkt. No. 7.